IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRACY D. REYNOLDS-BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-cv-00989 |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Bryant |
| SAXON MORTGAGE, INC., OCWEN ) | |
| FINANCIAL SERVICES, SRL, LLC, and ) | JURY DEMAND |
| MORGAN STANLEY CREDIT ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Defendant Ocwen Financial Services, SRL, LLC's ("Ocwen") Motion to Dismiss ("Motion"). (Doc. No. 5.) Plaintiff Tracy D. Reynolds-Brown filed a Response in Opposition. (Doc. No. 8.) For the reasons stated below, Ocwen's Motion is **GRANTED**.

**I.     BACKGROUND**[1]

Plaintiff purchased a home located at 1911 28th Avenue North, Nashville, Tennessee 37208, on April 9, 2007. Plaintiff alleges that on January 29, 2009, her home was mistakenly foreclosed on and sold by "defendant."[2] On March 10, 2009, a substitute trustee's deed was recorded with the Register of Deeds, and Saxon Mortgage, Inc. ("Saxon") repurchased the property. Plaintiff hired counsel and contacted "defendant" to correct its error. Saxon agreed it had made a mistake and was willing to reinstate Plaintiff's mortgage through a loan modification agreement. Plaintiff alleges that she received loan modification paperwork from "defendant,"

---

[1] All facts are taken from Plaintiff's Complaint (Doc. No. 1-1) unless otherwise noted.
[2] Despite naming three separate defendants, Plaintiff's Complaint repeatedly refers to a single, unspecified "defendant" in the facts section.

1

but it was inaccurate and incomplete, and an agent of "defendant" promised to draft new paperwork that she has never received.

Plaintiff filed this action on September 14, 2010, in the Chancery Court for Davidson County, alleging negligence and breach of the terms of the note and deed of trust related to her home. (Doc. No. 1-1.) Saxon and Morgan Stanley Credit Corporation ("Morgan Stanley") removed the action to this Court on October 20, 2010, on the grounds of diversity jurisdiction. (Doc. No. 1.) Ocwen filed its Motion to Dismiss on October 28, 2010 (Doc. No. 5), and Plaintiff filed a Response in Opposition on November 19, 2010 (Doc. No. 8).

## II.  LEGAL STANDARD

To withstand a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must allege "[e]nough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court recently clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Plausibility requires "[m]ore than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'[m]erely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of entitlement to relief." *Id*. (quoting *Twombly,* 550 U.S. at 546).

When ruling on a defendant's motion to dismiss, the Court "[c]onstrue[s] the complaint liberally in the Plaintiffs' favor and accept[s] as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994). The Court must allow "[a] well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly,* 550 U.S. at 556.

## III. ANALYSIS

Ocwen's Motion asserts that Plaintiff's Complaint "does not allege any culpable conduct by Ocwen that would give rise to a cause of action against it." (Doc. No. 5 at 1.) Plaintiff's Response states that Ocwen has been transferred an interest in the property as a servicing company for Morgan Stanley, which is believed to be a subsidiary of Saxon. (Doc. No. 8 at 4.) Plaintiff's Response also claims Ocwen filed a detainer warrant action regarding the property, and Ocwen has a legal interest in the property tied to Saxon's substitute trustee's deed. (*Id.*)

None of these facts, however, are alleged in the Complaint, nor is it alleged how these facts give rise to the plausible liability of Ocwen for the asserted causes of action. The Complaint does not specifically mention Ocwen in the alleged facts at all, nor does it allege facts against the three named defendants collectively. Although the Complaint sometimes references an unspecified, single defendant, it is clear from the context of the facts that those allegations refer to Saxon. Construing the Complaint in Plaintiff's favor, there simply are not enough facts, or any facts, to state a claim against Ocwen that is plausible on its face.

## IV. CONCLUSION

For the reasons stated above, Ocwen's Motion to Dismiss is **GRANTED** and Ocwen is **DISMISSED** as a party to this action.

It is so ORDERED.

Entered this the ___9th___ day of August, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT